UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

LAQUITA DUNLAP,

        Plaintiff,

v.

                                    Case No. 23-cv-1308-bhl

MERLIN H AMAYA, GENE LANGLEY,
MILWAUKEE COUNTY WISCONSIN,
BRITTANY WYSOCKI and WELLPATH LLC,

        Defendants.

---

## SCHEDULING ORDER
---

      The Court held a telephone scheduling conference with the parties' attorneys on January 12, 2024, pursuant to Fed. R. Civ. P. 16 and Civil L. R. 16(a), and set the following schedule and procedures.

### DISCOVERY

1. The parties' initial disclosures as required by Fed. R. Civ. P. 26(a) must be provided on or before **January 22, 2024**.

2. All fact discovery must be completed no later than **November 29, 2024**. Discovery requests must be served sufficiently in advance of this deadline that timely responses are due before the deadline expires.

3. In accordance with Fed. R. Civ. P. 26, Plaintiff's expert witness disclosures are due on or before **September 27, 2024** and Defendants' expert witness disclosures are due on or before **November 1, 2024**. These documents are to be exchanged between the parties and are not to be filed with the Court.

4. All expert discovery must be completed no later than **November 29, 2024**.

5. Expedited non-dispositive motions must comply with Civil L. R. 7(h). Counsel seeking non-dispositive procedural relief shall consult with the opposing party and include in the motion a statement indicating whether or not the motion is opposed.

## SUMMARY JUDGMENT MOTIONS

6. Motions for summary judgment must comply with Fed. R. Civ. P. 56 and Civil L. R. 7 and shall be served and filed on or before **January 10, 2025**.

## FINAL PRETRIAL CONFERENCE AND TRIAL

7. A final pretrial conference will be held on **May 22, 2025 at 10:00 a.m.** at the United States Federal Building and Courthouse, 517 E. Wisconsin Ave. Milwaukee, WI 53202. Motions in limine are due **14 days before** the final pretrial conference. Responses to motions in limine are due **7 days before** the final pretrial conference.

8. Unless otherwise ordered, each party must file a pretrial report at least **14 days before** the scheduled final pretrial conference. The report must include:

    a. A short summary (not to exceed 2 pages) of the facts, claims, and defenses;

    b. A list of witnesses for each party that includes:
    
    - The name and address of each witness expected to testify;
    - A brief summary of the witness's testimony;
    - A time estimate for the witness's direct examination; and
    - For each expert witness, a summary of the expert's background.

    c. A list of exhibits to be offered at trial that is, where practicable, sequentially numbered according to General Local Rule 26;

    d. Designations of any testimony that will be presented through deposition transcripts, including a statement indicating whether the testimony will be read to the jury or presented by video;
    
    - Prior to filing deposition designations, parties must meet and confer to work through any potential objections.
    - To the extent issues cannot be resolved, opposing parties may file objections and counter-designations 7 days before the final pretrial conference.

    e. A list of stipulated facts;

    f. Because this case is scheduled for a jury trial:
    
    - Any proposed voir dire questions;
    - Proposed jury instructions on substantive issues; and

- A proposed verdict form.

9. A jury trial will be held on **June 2, 2025 through June 11, 2025** at the United States Federal Building and Courthouse, 517 E. Wisconsin Ave. Milwaukee, WI 53202.

## ADDITIONAL PROCEDURES

10. All requests of the Court must be made by formal motion in accordance with Civil L. R. 7 and the Federal Rules of Civil Procedure.

11. Counsel are to confer and make a good faith effort to settle the case and explore various methods of alternate dispute resolution. The Court will refer the case to one of the magistrate judges for mediation, at no cost to the parties, when a joint request is made at least ninety (90) days prior to the final pretrial conference.

12. Settlement discussions must be completed prior to the final pretrial conference. In cases where settlement occurs after the final pretrial conference, the Court may impose jury-related costs, including notification, travel, and attendance fees, upon the responsible attorneys.

13. The foregoing schedule shall not be modified except upon a showing of good cause and by leave of the Court. The pendency of motions or settlement discussions shall not justify modification of the schedule, nor delay the taking of discovery.

SO ORDERED on January 12, 2024.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge